Oral argument not to exceed 15 minutes per side. Melissa Salinas, a supervising attorney. Case will be argued by law student Emily Golding. Good morning, your honors. May it please the court. I'm Melissa Salinas, and I have the honor of introducing a law student, a third year law student. Emily Golding, who will present the case under my supervision. Thank you. Thank you. Good morning, your honors, and may it please the court. My name is Emily Golding, and I'm here on behalf of Appellant Charles Gahan. I'd like to reserve three minutes for rebuttal, please. Thank you. I'm here today with Mr. Gahan's sentencing appeal. The district court erred when it imposed a sentence of 70 months' imprisonment on Mr. Gahan. I'd like to address the district court's errors, specifically in treating the sentencing guidelines as mandatory rather than advisory, in failing to consider a pertinent 3553A factor, the sentencing disparity factor, A6. The combination of these errors demands that this court reverse and remand free sentencing. I'd first like to address the district court's procedural error in treating the sentencing guidelines as mandatory. As an initial matter, the standard of review is disputed on this claim. If this court chooses to review the claim under plain error, Mr. Gahan prevails, because this court, in United States v. Copiates and United States v. Highgate, has found that treating the sentencing guidelines as mandatory is prejudicial and affects the defendant's substantial rights. This court can and should, however, review that sentence. So show me exactly what you are relying on to show that Judge Bell, who's been doing this for longer than you've been alive, thought that the guidelines were mandatory. Sure, Your Honor. So I direct you to page ID 275 and 276 in the sentencing transcript. Just as a little bit of background, a preface. Here, the district court has expressed its frustration that it thinks that the government is able to manipulate the guidelines by asking for 5Ks, in some instances, as in Mr. Gahan's co-defendant, Scott Hoff's case, and not asking for them in other cases. The court is referencing that manipulation when it says in line 5 on page 276, but in fact, it drives the ultimate sentence, because we all know what happens. The government responds and says, that's the court's choice under 3553. They're non-binding guidelines, Your Honor. The court says, no, it's not. The government tries to interject again and says, I don't want to argue with the court, and the court says, well, I respectfully disagree with you. What the court has said here is that if the government hasn't requested a 5K reduction in Mr. Gahan's case, it does not have the discretion under section 3553 to take into consideration his cooperation and assistance that would usually be the subject of a 5K that the government would request, because requesting that kind of relief, as it does usually in a 5K, results in a below-guideline sentence. The government recognized that and said, Your Honor, it's your choice. You decide the ultimate sentence. It's your choice under 3553. They're non-binding guidelines. You have the discretion. If you're unhappy with what's happened here, if you think we've manipulated the guidelines, you have the ability to grant a downward variance. And the court said, no, it did not have that choice. And that's the specific language that we point to. In addition to, further down the transcript, the district court makes this comment that it says, all you have to do is start looking at these court of appeals decisions. They're coming down very strictly on the guidelines. Without referencing. He's just really ticked with the people who are sitting behind this bench, as many district courts are. But does that really show that he believes the guidelines are mandatory? Yes, Your Honor. It does. His statement, because the government said, you have the discretion under 3553, it didn't say, you know, you get to choose whether you grant a 5K or not. It talks about the discretion of the district court, specifically under Section 3553, which is in the court's power to grant a downwards variance. Not a downward departure requested by the government. A downwards variance. And because the government used that specific language, and the court flat out rejected it, the court is saying, if you want me to consider, if you think that I can consider cooperation and assistance, and you haven't asked for a 5K, that would likely get us to a below guideline sentence. And I cannot do that. No, he's saying, I do that? Those idiots in Cincinnati are just going to reverse me. It looks, perhaps, like the district court is saying that. However, Your Honor, I mean, Booker is clear that even if this district court is afraid of being reversed, it cannot treat the guidelines as mandatory. It cannot indicate that it is going to treat them as mandatory simply because it doesn't want to be reversed. And I think we believe that that language is just very clear. Although the district court does not say they're mandatory, the standard that this court applies, the U.S. Supreme Court applies, is the treatment of the guidelines as mandatory. And I believe it's in United States v. Highgate, but this court said, you know, when we see the district court feel so clearly constrained by the guidelines rather than guided by them, we can't find that that sentencing hearing was procedurally reasonable. And it wasn't. I'd like, unless Your Honors have additional questions about the mandatory guidelines, I'd like to move to a second argument about the Section 3553A6 sentencing disparity factor. This court, Judge Clay in United States v. Wallace, said that if a defendant presents a non-frivolous argument based on a sentencing disparity with a co-defendant, the district court must on the record, it can choose under its discretion not to take that into account, but it cannot fail to even consider or recognize that argument at all. And here, that's exactly what happened. Where did the defendant raise this? The defendant raised it in its sentencing memorandum specifically for at least a page, a page and a half, two pages. And obviously the government thought that it carried enough weight that at the very beginning of the government's discussion with the district court, it said, and I want to bring up the sentencing disparity factor that the defendant raised in its sentencing memorandum. So the government brought it up to the court, but the defendant had raised it in the memorandum. And this court in Wallace said, as I've already mentioned, that if the defendant raises that non-frivolous argument, there must be something on the record that it at least acknowledges and understands that argument. This court said, you know, when that happens, especially when the government brings up what it believes is legitimate reasons why a sentencing disparity would be okay between two co-defendants, that usually the district judge will go further and explain why he has rejected those arguments. In Wallace, the district judge did not even make a cursory mention of the disparity in sentences between the two co-defendants. Judge Clay, you also said that the government, while it can provide those reasons for why the sentencing disparity is okay, when we're here on appeal, the government can't look back at the record and point to only things it said about the sentencing disparity. It must point to things that the court itself said about the sentencing disparity. And there's just no evidence on the record that the court considered it. The government, in its brief, says the district court implicitly rejected it. However, implicitly rejecting that argument doesn't meet the standard of Wallace. It doesn't rise to that occasion. The court must specifically say why it's rejecting the argument. This was a legitimate argument. Mr. Gaunt's co-defendant received a 45-month sentence. Yes, it was because he received a 5K and a subsequent Rule 35 motion. However, the district court could have said, that's the reason why I don't want to even think about this. You haven't asked for a 5K. Maybe something happens. Maybe you come back later on a Rule 35 motion from Mr. Gaunt. But I'm just not going to consider it. The district court, however, because it was engaging in this discussion about the manipulation of the guidelines, about this court's decisions about the guidelines, failed to even mention that factor. And under Wallace, that's plain error. So even if this court decides that the district court did not treat the guidelines as mandatory, this error on its own can warrant reversal. I know that there's some confusion about whether this is a procedural or substantive argument. If it's substantive, it receives the more deferential abuse of discretion standard. In Wallace, it was treated as a procedural error. And this court said, regardless, it's plain error. It affected the defendant's substantial rights. And here, if the court, first of all, thought that it was able to take into consideration Mr. Gaunt's cooperation and assistance with the government, even though the government did not request a 5K, and then it truly could consider the sentencing disparity between Mr. Gaunt and Mr. Hove, who the district court at the change of plea hearing said is 50-50 responsible with Mr. Gaunt, who at the end of the sentencing transcript says that this $8 million restitution amount, Mr. Gaunt will be joint and severally liable with Mr. Hove. That was a legitimate argument. There is a legitimate reason why Mr. Gaunt would think that he could possibly receive a below-guideline sentence. And so for these reasons, Your Honors, unless you have additional questions, I will wait to talk to you again on rebuttal. Thank you, counsel. May it please the Court, I'm Jennifer McManus, and I represent the United States. I have had the privilege of appearing before this court many times to defend Judge Bell's sentencing decisions, and until now, my task often has been to persuade this court in cases like Blackie and Barahona and Montenegro that Judge Bell appropriately took into account the guidelines and in fact gave them appropriate weight. So today it is with some irony that I stand poised before the court to try to persuade the court today that the district court Judge Bell did not give too much weight to the guidelines. The court did not. Judge Bell is aware that the guidelines are advisory. This case is not like United States v. Martinovich, the Fourth Circuit case on which the defense chiefly relies, because Judge Bell in this case did not make repeated comments and did not make a finding to the effect of that the guidelines are mandatory or the guidelines are not advisory. The court in Martinovich said we cannot ignore the repeated findings of the district court to that effect. There were no findings to that effect here. What happened was there was a colloquy between the district court and government counsel about the handling of substantial assistance motions and the review of those. There have been a number of appeals that Judge Bell has had involving that issue. This case does not involve that issue. There was no substantial assistance motion in this case. The co-defendant, Mr. Heft, did receive a substantial assistance reduction from a different judge. He was sentenced by Judge Yonker, not by Judge Bell. In this case, the statements that the district court made were really in the context of that colloquy with government counsel. If you look at page 276 of the sentencing transcript, the court says in line 5, in fact, it drives the ultimate sentence because we all know what happens, it being the substantial assistance motion. The government counsel responds, that's the court's choice under 3553. They're not abiding guidelines, Your Honor. And then the court responds, no, it's not. He doesn't say, no, they're not. He says, no, it's not. And he's talking about feeling somewhat constrained, I think, in the context of this conversation to grant a government motion for substantial assistance and, in effect, expressing a view that that takes away the court's discretion to set the basis for the sentencing. None of that really has anything to do with this sentencing, though, because there was no substantial assistance motion in this case. Turning to the second issue, then, in terms of whether the district court adequately addressed the argument for a variance based on co-defendant disparity, it's argued that the district court did give the appropriate amount of attention to that argument in that this is an argument that defense counsel didn't even raise during the course of the sentencing proceeding. There was an argument advanced in the defense sentencing memorandum, but it wasn't deemed significant enough to give weight of it or even mention it during the course of defense counsel's allocution. So when government counsel raised the issue, just to make sure that it was clear that the court had considered the argument that was made, the district court responded, not giving it, perhaps, the textbook full treatment that would be ideal, for sure, but the district court, in discussing the whole issue with government counsel, did implicitly reject that argument by saying, none of this matters to me. In essence, whether there's a substantial assistance motion in a co-defendant's case doesn't matter to me. I'm going to take a look at this defendant and sentence him individually based on the 3553A factors. And that's what the court did here. The court spent a lot of time really otherwise conducting what probably is a model sentencing, engaging in a colloquy. The court did point out that the co-defendant had come in early and done something to be of some help and that this defendant had not. Did he not? Yes. Well, that colloquy occurred with government counsel, and government counsel pointed out that this defendant had the same opportunity that Mr. Heff, the co-defendant, had, but had not availed himself of it. And so that was before the court. And what is required of the district court is that the record reflect that the district court considered the argument. And that is clear evidence from the record. And what's significant, too, here, and the difference between this case and Wallace. In Wallace, the central theme during the sentencing hearing, both from defense counsel and from government counsel, was this co-defendant disparity issue. Here, again, it wasn't raised by defense counsel at sentencing, and there is a substantial difference in the posture of the parties between the two cases. In Wallace, it was undisputed that the co-defendant was much more culpable, and yet the guideline range was much higher for the defendant being sentenced. Here, everybody kind of agrees that they're about equally culpable. And, in fact, the guideline range, and this is what government counsel was trying to point out, the guideline range for both defendants was the same. Because the sentencing guidelines had changed due to the amendment to the loss guideline, Mr. Gahan started at a lower point. So even though he didn't get a 5K reduction, the guideline range was exactly the same for the two generally equally culpable defendants at the time of sentencing. And that was the point of raising this, to say, well, they're about equally culpable. And so this court is poised to sentence this defendant under the same guideline range as the co-defendant, and that's probably about right. Now, of course, Mr. Heff did get a later Rule 35B reduction, and so his sentence was ultimately later reduced to 45 months. But the reason for that was, again, evident in the record and before the court because he had to come back and testify in grand jury against Mr. Gahan. So the argument was addressed to the degree in which it was raised and the degree to which it deserved attention. Was there any objection at the time by defense counsel to the way that argument was the way the court dealt with that argument? There was no objection. There was no objection at the time or at the end when counsel was given an opportunity to allot further objections. So our contention is that that should be reviewed for plain error because it is a procedural argument, and the district court should be given an opportunity to more fully address it if there's a concern that it hasn't been adequately taken into account, and that was not done here. If there are no further questions, I think I'm pausing to see if there are further questions from the court, because it looks like Judge Clay perhaps has a question. No, not that. Okay. All right. Well, then, otherwise, we urge the court to affirm the sentence of the district court. Thank you. Thank you, counsel. Rebuttal? Your Honors, there are two brief points that I'd just like to address on rebuttal. First, the government's first point about distinguishing Martinovich from this case and the fact that the Fourth Circuit recognized that the district court in that case said the word mandatory. Saying the word mandatory is not a requirement. The requirement is treating the sentencing guidelines as mandatory. As this court found in United States v. Highgate, the district court there did not say that the guidelines were mandatory. It said that it felt constrained.  It did not say the word mandatory. My second point goes to the government's argument that the defense counsel did not bring up the sentencing disparity at sentencing. Unfortunately, we were not counsel in the court below. There could be a variety of reasons why defense counsel chose to not bring up that argument. It could have thought that it discussed it thoroughly, it didn't want to waste the court's time, and it wanted to give Mr. Gahan a chance to speak to the district court, to allocute, to present mitigating factors that the court could consider under 3553A. It did discuss it in the sentencing memorandum, so it didn't waive its right to have the judge consider that. It did it exactly when it should have, in the sentencing memorandum, before the sentencing hearing was taking place, so the judge could think about it and consider it and reject taking it into account on the record if it didn't want to. I'd finally say the relief that we're requesting is a remand for resentencing. We're not asking this court to vacate Mr. Gahan's plea agreement. We're not asking the court for some extraordinary relief. This was an unusual sentencing hearing. I think, as you pointed out, Judge Batchelder, there's kind of some interesting language that happened. The court is clearly expressing the idea that it is constrained by the guidelines, especially when the government hasn't requested a 5K, hasn't taken into account the defendant's cooperation and his assistance. For those reasons, this court just simply cannot find that that sentence was procedurally and substantively sound, and Mr. Gahan, on resentencing, he should receive the fair and reasonable hearing that he's entitled to, where the judge recognizes his discretion and performs an adequate analysis under Section 3553A, taking into account pertinent factors that the defendant has requested. Even if the judge, again on resentencing, chooses not to take into account the disparity, that's okay. As long as he puts on the record his reasons for rejecting it, that passes muster for this court. So if there are no further questions, I would conclude and ask that this court reverse and remand the resentencing. I think there are not, but we thank you very much for your participation in this process, and you have represented your client well. Thank you, Your Honors. And with that, the case will be submitted, and the clerk may call the next case.